# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** 18a 247 |
| **v.** | : | **DATE FILED:** 6|12|18 |
| | : | |
| **U-HAUL COMPANY OF PENNSYLVANIA** | : | **VIOLATIONS:** |
| **MIGUEL RIVERA** | | **49 U.S.C. § 5124 (transportation of** |
| | : | **hazardous material in violation of** |
| | | **regulations – 6 counts)** |

### I N D I C T M E N T

### COUNT ONE

#### (Violation of hazardous materials regulation)

**THE GRAND JURY CHARGES THAT:**

1.     The Hazardous Materials Safety Act protects against the risks to life, property and the environment that are inherent in transporting hazardous materials in intrastate, interstate, and foreign commerce. 49 U.S.C. § 5101. The Secretary of Transportation has the authority to prescribe regulations that apply to (among others) any person who transports hazardous material in commerce, or causes hazardous material to be transported in commerce. 49 U.S.C. § 5103(b)(1).

2.     The Pipeline and Hazardous Materials Safety Administration ("PHMSA") is a division within the United States Department of Transportation ("USDOT").

3.     On behalf of the Secretary of Transportation, PHMSA regulates matters related to transporting hazardous materials, in order to protect against the inherent dangers of those materials. As part of that mission, PHMSA develops regulations and standards for, among other things, classifying, handling and packaging hazardous materials.

4.      The requirements of the hazardous materials regulations apply to each person who offers a hazardous material for transportation in commerce, or causes transportation in commerce of a hazardous material, and who also performs a "pre-transportation function." 49 C.F.R. § 171.1(b).

5.      Propane is a hazardous material. 49 C.F.R. § 172.101 (Hazardous Materials Table). Propane may be held and transported in a cylinder that has been built to USDOT specifications. 49 C.F.R. § 173.301(a)(1). A "cylinder" is a pressure vessel that has a circular cross section. 49 C.F.R. § 171.8.

6.      Filling a cylinder with propane is a "pre-transportation function." 49 C.F.R. § 171.1(b)(3).

7.      It is a crime for any person subject to USDOT's hazardous materials regulations to violate those regulations, whether done willfully or recklessly. 49 U.S.C. § 5124. The regulations prohibit anyone from filling a cylinder that is overdue for periodic requalification. 49 C.F.R. § 173.301(a)(6). Requalification means the completion of a visual inspection and/or testing to determine the suitability of a cylinder for continued service. 49 C.F.R. § 180.203. A requalified cylinder must be durably and legibly marked with the month and year of requalification. 49 C.F.R. § 180.213. At all times relevant to this Indictment, the longest time period that a cylinder suitable for holding propane could be used before it must be requalified is twelve years. *See* 49 C.F.R. § 180.209, Table 1.

8.      At all times relevant to this Indictment, as part of its business, defendant U-HAUL COMPANY OF PENNSYLVANIA sold propane at various locations, including in Philadelphia at 101 W. Hunting Park Avenue ("UHPA Hunting Park") and 747 W. Allegheny Avenue ("UHPA Allegheny").

2

9.      At all times relevant to this Indictment, defendant U-HAUL COMPANY OF PENNSYLVANIA employed people who were "hazmat employees" because they handled hazardous materials, and prepared hazardous materials for transportation. 49 C.F.R. § 171.8. Because its hazmat employees also caused hazardous materials to be transported in commerce, defendant U-HAUL COMPANY OF PENNSYLVANIA was a "hazmat employer" under the hazardous materials regulations. 49 C.F.R. § 171.8.

10.     As a hazmat employer, defendant U-HAUL COMPANY OF PENNSYLVANIA was required to ensure that each of its hazmat employees (including each worker who handled propane or prepared it for transportation) was trained and tested prior to performing any function relating to hazardous materials. 49 C.F.R. § 172.702.

11.     At all times relevant to this Indictment, defendant MIGUEL RIVERA was the general manager of UHPA Hunting Park, and a hazmat employee of defendant U-HAUL COMPANY OF PENNSYLVANIA.

12.     At all times relevant to this Indictment, defendant MIGUEL RIVERA was trained as to the requirements and procedures for safely and legally filling a propane cylinder with propane.

13.     On or about June 1, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**U-HAUL COMPANY OF PENNSYLVANIA**
**and MIGUEL RIVERA**

willfully and recklessly filled a cylinder that was overdue for periodic requalification with propane, a hazardous material, and then offered it for transportation, in violation of Title 49, Code of Federal Regulations, Section 173.301(a)(6).

All in violation of Title 49, United States Code, Section 5124.

3

## COUNT TWO

### (Violation of hazardous materials regulation)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 12 of Count One are incorporated herein by reference.

2.      At all times relevant to Count Two, Employee #1, known to the grand jury, was a

hazmat employee of defendant U-HAUL COMPANY OF PENNSYLVANIA.

3.      On or about June 6, 2014, in Philadelphia, in the Eastern District of Pennsylvania,

defendant

### U-HAUL COMPANY OF PENNSYLVANIA

and Employee #1 willfully and recklessly filled two cylinders that were overdue for periodic

requalification with propane, a hazardous material, and then offered them for transportation, in

violation of Title 49, Code of Federal Regulations, Section 173.301(a)(6).

All in violation of Title 49, United States Code, Section 5124.

4

## COUNT THREE

### (Violation of hazardous materials regulation)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 12 of Count One are incorporated herein by reference.

2.      At all times relevant to Count Three, Employee #1, known to the grand jury, was a hazmat employee of defendant U-HAUL COMPANY OF PENNSYLVANIA.

3.      On or about June 14, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### U-HAUL COMPANY OF PENNSYLVANIA

and Employee #1 willfully and recklessly filled a cylinder that was overdue for periodic requalification with propane, a hazardous material, and then offered it for transportation, in violation of Title 49, Code of Federal Regulations, Section 173.301(a)(6).

All in violation of Title 49, United States Code, Section 5124.

5

## COUNT FOUR

### (Violation of hazardous materials regulation)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Paragraphs 1 through 12 of Count One are incorporated herein by reference.

2.  At all times relevant to Count Four, Employee #2, known to the grand jury, was a hazmat employee of defendant U-HAUL COMPANY OF PENNSYLVANIA.

3.  At various times in June 2014, defendant MIGUEL RIVERA instructed and requested Employee #2 to fill propane cylinders on behalf of defendant U-HAUL COMPANY OF PENNSYLVANIA, and Employee #2 did fill propane cylinders as instructed and requested, even though Employee #2 had not been trained and tested as required by the hazardous materials regulations.

4.  On or about June 19, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### U-HAUL COMPANY OF PENNSYLVANIA

and Employee #2 willfully and recklessly filled two cylinders that were overdue for periodic requalification with propane, a hazardous material, and then offered them for transportation, in violation of Title 49, Code of Federal Regulations, Section 173.301(a)(6).

All in violation of Title 49, United States Code, Section 5124.

## COUNT FIVE

### (Violation of hazardous materials regulation)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 12 of Count One are incorporated herein by reference.

2.      On July 1, 2014, a propane cylinder, attached to a food truck that was parked on a public street in Philadelphia, ruptured. The escaping propane ignited, briefly enveloping the food truck in a fireball, leading to the deaths of two people and grave injury to others nearby.

3.      On or about June 29, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendants

### U-HAUL COMPANY OF PENNSYLVANIA and MIGUEL RIVERA

willfully and recklessly filled two cylinders, including the cylinder that ruptured, that were overdue for periodic requalification with propane, a hazardous material, and then offered them for transportation, in violation of Title 49, Code of Federal Regulations, Section 173.301(a)(6).

All in violation of Title 49, United States Code, Section 5124.

7

## COUNT SIX

### (Violation of hazardous materials regulation)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 1 through 12 of Count One are incorporated herein by reference.

2.     At all times relevant to Count Four, Employee #2, known to the grand jury, was a hazmat employee of defendant U-HAUL COMPANY OF PENNSYLVANIA, but he was not trained and tested as required by the hazardous materials regulations.

3.     At various times in June 2014, defendant MIGUEL RIVERA instructed and requested Employee #2 to fill propane cylinders on behalf of defendant U-HAUL COMPANY OF PENNSYLVANIA, and Employee #2 did fill propane cylinders as instructed and requested, even though Employee #2 had not been trained and tested as required by the hazardous materials regulations.

4.     In or about June 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### U-HAUL COMPANY OF PENNSYLVANIA

willfully and recklessly failed to train and test Employee #2, a hazmat employee who filled cylinders with propane, a hazardous material, in violation of Title 49, Code of Federal Regulations, Section 172.702, and to maintain records of training, in violation of Title 49, Code of Federal Regulations, Section 172.704(d).

8

All in violation of Title 49, United States Code, Section 5124.

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

*Denise Wolf for*

**JENNIFER A. WILLIAMS**
**ATTORNEY FOR THE UNITED STATES**
Acting Under Authority Conferred By 28 U.S.C. § 515

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the
purpose of assignment to appropriate calendar.

Address of Plaintiff:   615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office:   Philadelphia                              County:   Philadelphia

City and State of Defendant:   Philadelphia, Pennsylvania

County:   Philadelphia                    Register number:   N/A

Place of accident, incident, or transaction:              Eastern District of Pennsylvania

Post Office:  Philadelphia                              County:   Philadelphia

RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

Does this case involve a defendant or defendants alleged to have participated in the same
action or transaction, or in the same series of acts or transactions, constituting an offense
or offenses?

YES/NO: N/A

Case Number:                              Judge:

CRIMINAL:  (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.          ☐ Antitrust

2.          ☐ Income Tax and other Tax Prosecutions

3.          ☐ Commercial Mail Fraud

4.          ☐ Controlled Substances

5.          ☐ Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68)
            and Mail Fraud other than commercial

6.          ☒ General Criminal
            (U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR CRIME AND
            STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS
            CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)
            49 U.S.C. § 5124 (transportation of hazardous material in violation of regulations – 6 counts)

DATE:  6/12/2018

Elizabeth F. Abrams
Assistant United States Attorney

File No. 2014R00581
U.S. v. U-HAUL, MIGUEL RIVERA